## OLD COLONY TRUST CO. v. ATLANTA RY. CO. et al.

(Circuit Court, N. D. Georgia. January 6, 1899.)

### No. 1,061.

JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—REARRANGE-
MENT OF PARTIES.

> To a suit by a mortgagee of a street-railroad company to enjoin an-
> other street-railroad company from condemning the right to use a portion
> of the mortgagor's track, the mortgagor company is an indispensable
> party, and, as its interests necessarily range it on the side of the com-
> plainant, it will be so placed by the court for jurisdictional purposes,
> although it is made a defendant by the pleadings; and, where it is a
> corporation of the same state as its co-defendant, a federal court is with-
> out jurisdiction on the ground of diversity of citizenship.[1]

In Equity. Suit for injunction.

N. J. & T. A. Hammond, for Old Colony Trust Co.
Goodwin, Westmoreland & Hallman, for Atlanta Consol. St. Ry. Co.
King & Spalding, for Atlanta Ry. Co.

NEWMAN, District Judge (orally). In this case my opinion is
so well settled, and my convictions are so positive, on one phase of it,
that, in view of the public interests involved, it will not be well for
me to delay the case by taking the papers and going further into it.
It will be unnecessary, because there is no probability of any change
in my views. Under the act of 1875, as adopted by the act of 1887
and 1888, the court was required for itself, notwithstanding the arbi-
trary arrangement of the parties by the pleader in suits brought in
this court, to rearrange the parties as to their respective interests,
and to fix them on the side of the controversy on which they belong.
If all of the parties in this arrangement on one side are not citizens
of different states from all the parties on the other side, the jurisdic-
tion fails. This suit is brought by the Old Colony Trust Company
against the Atlanta Railway Company and the Consolidated Street-
Railway Company to enjoin the former company from enforcing a
right which it says it obtained by an ordinance of the city to condemn
a certain portion of the track of the Consolidated Street-Railway
Company, which the city had authorized it under a certain reservation
to do; that is, to allow the new company to use a certain part of the
track of the old company under certain circumstances. The bill
seeks to prevent the new company from proceeding to condemn the
track of the old company,—to obtain the right to use it. Now, upon
the filing of the bill against the two street-railway companies, the
Consolidated Street-Railway Company came into court by cross bill,
but adopted all of the allegations of the bill of the Old Colony Trust
Company, and arranged itself by all the pleadings on the side of the
litigation with the trust company. The pleadings put it there neces-
sarily; its interests are there very clearly; the whole countenance

---

[1] As to diverse citizenship as ground of federal jurisdiction, see notes to
Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

of the case puts the Consolidated Street-Railway Company on the same side with the trust company in this litigation, as to the right of the Atlanta Railway Company (the new company) to use the part of the Consolidated's tracks in question. So I think there can be no question here that it is not only the duty of the court, but it is its imperative duty, under the law, to put the Consolidated Street-Railway Company on the side with the complainant; and it being a citizen of Georgia, and the defendant the Atlanta Railway Company being a citizen of Georgia, necessarily the jurisdiction fails. There can be no escape from this conclusion.

It is well understood that this court, however, will not oust its own jurisdiction—will not defeat its own jurisdiction—unless it is met squarely with a state of facts which requires it; that is, where litigation is brought into court, the court will not seek to rid itself of hearing the case, if it finds that, by dispensing with certain parties, it can relieve the existing situation, and have only proper parties before the court on the question of diverse citizenship. The question then arises here, on the suggestion of counsel, whether or not the Consolidated Company is an indispensable party to this litigation. If it is not, of course the court, under the rule and practice just suggested, would dismiss it from the litigation, and leave the case cognizable in the circuit court. Now, the subject-matter of this controversy—the real controversy in the case—is the right of the new company (the Atlanta Railway Company) to use a certain part of the track of the old company. That is a right which the new company is asserting against the old company, and the trust company comes in and says: "We ask the court to enjoin the new company from asserting this right, on the ground that there is no legislative authority for such a right; that the city of Atlanta cannot exercise it, and the Atlanta Railway Company cannot exercise it." The question is whether the new company has this right against the old company,—the right to use the track of the old company, the Consolidated Street-Railway Company. Now, can this litigation be settled without the presence of the old company? Will the court undertake to decree that A. has a right against B. at the instance of C., without having B. before it? That is what it is asked to do here. It is asked to say that the Atlanta Railway Company can go upon the tracks of the Consolidated Company, and use its tracks in certain important respects, which have been discussed, in certain ways, and to do certain things, and we are asked to determine that issue as against the Consolidated Company without having the Consolidated Company before the court. I think that, even under the authorities read by distinguished counsel for the trust company and the rule announced in those cases, the old company is an indispensable party. By the case of Shields v. Barrow, 17 How. 130, 15 L. Ed. 158, referred to (one of the first cases on the subject), I think the Consolidated would be a necessary party in order to dispose of the issue—the controversy—here. In my judgment, it is absolutely necessary to have the Consolidated before the court in order to determine and fully dispose of the issues presented in this case. In that view, there is but one course for the court to pursue,

and that is to dismiss this litigation from the court for want of jurisdiction on account of the citizenship of the parties; this without prejudice to the rights of the parties in the case.