BOSTON SAFE-DEPOSIT & TRUST CO. v. CITY OF RACINE et al.

(Circuit Court, E. D. Wisconsin.   November 18, 1899.)

1. JURISDICTION OF FEDERAL COURT—PLEADING.

The jurisdiction of a federal court must affirmatively appear from the allegations of the plaintiff's pleading.

2. SAME—DIVERSITY OF CITIZENSHIP—REAL INTEREST OF PARTIES.

A bill by a mortgagee of a water company against the company and the city in which it was located, both defendants being corporations of the same state, alleged that the city had subjected the company to unjust and oppressive regulations and requirements, against which the company had at all times protested, and which had the effect of jeopardizing complainant's security; that the company had brought an action at law against the city to recover for water which it had been compelled to furnish, and for which the city refused to pay; and that the only remedy at law was by a multiplicity of actions by the company.   It further alleged that the company had yielded to the unjust demands of the city to such an extent as to render its right to recover at law contestable, but alleged no act of hostility on the part of the company towards the complainant, or collusion between the defendants.   The prayer was for an injunction against both defendants.   *Held,* that the matter in dispute disclosed by the bill was one in which the interests of the complainant and the company were identical, and the court was without jurisdiction.

This was a suit in equity by the Boston Safe-Deposit & Trust Company against the city of Racine and the Racine Water Company. On final hearing.

Quarles, Spence & Quarles, for complainant.

Max W. Heck, John B. Simonds, and Winkler, Flanders, Smith, Bottum & Vilas, for defendant city of Racine.

Kearnery & Thompson, for defendant Racine Water Co.

SEAMAN, District Judge.   This cause is brought on for final hearing with voluminous testimony and extended argument upon the merits; but a question of jurisdiction is presented in the closing argument on behalf of the defendant city of Racine which bars all further inquiry, if the proposition is well founded that the complainant and the defendant Racine Water Company must be aligned on the same side of "the real matter in dispute," as disclosed by their pleadings, attitude, and interests.   Railroad Co. v. Ketchum, 101 U. S. 289, 298, 24 L. Ed. 347.

The complainant is a corporation of Massachusetts, and, as trustee for the bondholders, is the mortgagee of the franchises and property of the defendant Racine Water Company, a Wisconsin corporation, under two certain mortgages securing bonds for the aggregate amount of $500,000.   The city of Racine and Racine Water Company are named defendants, and the bill alleges hostility on the part of the people and municipal authorities of the city against the water company, and unauthorized requirements and conduct, by which the water company is oppressed, and the security of the complainant is endangered; and further avers that extreme tests of the works are ordered at times and under conditions not authorized by the ordinance; that a system of automatic flushing of sewers by means of tanks was adopted by the city after the works were com-

97 F.—52

pleted and accepted, and not within the provisions of the ordinance, whereby one-half of the entire supply of water is arbitrarily used and wasted, without compensation; that the water company has constantly protested against such use, but submitted to the exactions, and claimed liability for the water so used, and has brought suit at law thereupon, which is now pending; and that "the only remedy at law in the premises is a multiplicity of actions at law to be brought by the said water company for the excess of water so used." Other allegations of the bill relating to the conduct and purposes of the municipality, fears of attempts to procure forfeiture of the franchise for noncompliance with the exactions, and of possible submission by the water company to prevent such course, are cumulative, but not essential to the present inquiry, in the absence of an averment either of collusion by the water company or of conduct on its part in hostility to the rights of the complainant. The relief sought is an injunction against both defendants, but the bill distinctly alleges just action and conduct of the water company at all times, and there is no allegation of conduct on its part hostile to the mortgagee, unless it appears in the averment that the "water company has for so many years yielded to the unjust demands" of the city "to such extent as to make its right to recover at law against said defendant city contestable," and thus jeopardizes the interests of the bondholders, and that the city is defending the action at law brought by the company for the excessive use of water on that ground, which cannot be urged against the mortgagee.

The answer of the defendant water company substantially admits all the material allegations of the bill. The acts of the city and of the water company in reference to the matters in controversy are recited in different form, and with more detail, but without taking issue upon any fact which is material. As averred in the bill, the water company asserts that the excessive use of water by the city was without its consent and against its constant protest.

Upon this state of pleadings, and with the same attitude preserved throughout the testimony and hearing, I am constrained to the opinion that this court has no jurisdiction over the controversy. The Racine Water Company is a resident of Wisconsin, is an indispensable party to the action, and in no aspect of the dispute stands opposed to the complainant. Counsel for complainant concedes that jurisdiction cannot be maintained if the interests of the water company and of complainant are identical, but insists that "there must be no antagonism at any point," and that "the situation of the defendant must be such that it can, in the prosecution of the suit, go along with the complainant at every step." If the contention on the part of the city can be taken into consideration, namely, that the water company induced the adoption of the wasteful flushing system, and became bound for its continuance, and if it be assumed that such defense could not be asserted against the pre-existing rights of the complainant, although good against the water company, there is seeming force in this distinction. But I am satisfied that it is not applicable here, for the purpose of determining jurisdiction, even if the general rule is modified, as the complainant con-

tends.   The jurisdiction of this court is strictly limited in reference to parties and causes, and cannot be exercised, unless the bill clearly and affirmatively establishes the grounds therefor within the acts of congress.   The condition upon which jurisdiction depends must exist in fact, and must be so alleged in the bill, and not as a mere contingency which may arise;  and there is no allegation of such fact in this bill, no allegation that the water company has consented to the acts of waste, or has so conducted itself as to become bound thereby.   Without sufficient affirmative allegations to remove the presumption against jurisdiction, no authority can be given, by consent or otherwise, for its exercise.   I am of opinion that the authorities cited on behalf of the defendant city are conclusive against entertaining this bill, and that it must be dismissed for want of jurisdiction.   See Water Co. v. Babcock (C. C.) 76 Fed. 243, First Nat. Bank v. Radford Trust Co., 47 U. S. App. 692, 26 C. C. A. 1, 80 Fed. 569, and cases cited in each.   It is so ordered, and without costs, each party bearing its own costs.