CONSOLIDATED WATER CO. v. CITY OF SAN DIEGO et al.

(Circuit Court, S. D. California. December 6, 1897.)

1. COURTS—JURISDICTION—FEDERAL QUESTION.
   A bill to restrain the enforcement of a city ordinance fixing the rates of charge by a water company, on the ground that such rates are so unreasonably low as to amount to a taking of the property of the water company without just compensation, presents a federal question.

2. MORTGAGES — RIGHTS OF MORTGAGEE—INJUNCTION TO PROTECT MORTGAGED PROPERTY.
   A mortgagee has such an interest in the mortgaged property as entitles him to bring suit to restrain injury thereto.

3. SAME—SUIT FOR INJUNCTION—PARTIES.
   In a suit by the mortgagee of a water company to enjoin the enforcement of an ordinance fixing water rates, the mortgagor is a necessary party.

This is a suit in equity by the Consolidated Water Company against the city of San Diego and its municipal authorities. Heard on demurrer to the bill.

Works & Works, Trippet & Neale, and Works & Lee, for complainant.

H. E. Doolittle and T. L. Lewis, for defendants.

ROSS, Circuit Judge. The complainant, a corporation of the state of West Virginia, brings this suit against the city of San Diego and its municipal authorities. The complainant sues as the holder and owner of a mortgage upon the water and water plant with and by which the San Diego Water Company supplies the city of San Diego and its inhabitants with water for domestic and other purposes. The city, through its municipal authorities, having established an ordinance fixing the rate at which such water should be so furnished, the object of the bill is to obtain the judgment of this court declaring such ordinance null and void upon the ground that the rates thereby established are so unreasonably low as to amount to a practical taking of the property mortgaged to the complainant without just compensation, contrary to the provisions of the constitution of the United States. The ordinance thus attacked was enacted, according to the bill, in February, 1896, and, under the provisions of the constitution of the state of California and a state statute passed pursuant thereto, it took effect July 1, 1896, and expired by limitation July 1, 1897, yet the demurrer to the bill now under consideration was not submitted to this court until within the last few days, to wit, November 24, 1897. The court is not advised in respect to the cause for such delay, and, as at present advised, I do not see, after disposing of the present demurrer, what need there will be for the determination of the question raised by the bill, since, under the provisions of the state constitution and state statute, pursuant to which the ordinance was enacted, its functions have long ago ceased.

It is urged in support of the demurrer to the bill, that this court is without jurisdiction, for the reason that it appears from the bill that the title to the property involved is in the San Diego Water Company, a corporation of the state of California, whose rights therein are nec-

essarily affected by the ordinance sought to be annulled by the bill, and that that company is therefore an indispensable party to the suit, and, if made a party, whether as complainant or defendant, must, for jurisdictional purposes, be aligned with the complainant, which alignment would, by reason of the citizenship of that company, show a want of jurisdiction in this court. That would undoubtedly be so if the jurisdiction of this court depended upon the diverse citizenship of the parties. It was so held by Judge Wellborn in the case of Water Co. v. Babcock, 76 Fed. 243, and subsequently by me in the same case in an opinion filed August 16, 1897. In his argument upon the present demurrer the counsel for the complainant insists that those rulings are contrary to the decision in the case of Mercantile Trust Co. v. Texas & P. Ry. Co., 51 Fed. 529, and in the case of Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047. What this court held in the Babcock Case, when under consideration by the district judge as well as by myself, was that, where the jurisdiction depends upon the diverse citizenship of the parties, and the bill shows, as it did in that case, that the complainant's cause of action depends wholly upon the fact that the property rights of the mortgagor are invaded, with whose rights the complainant's interests (as mortgagee) are so inseparably connected that there can be no adjudication thereon without passing upon the rights of the mortgagor, the mortgagor is an indispensable party, and, when made a party, must be aligned with the complainant; and that when, as in that case, the diverse citizenship of the parties is thus destroyed, the court is without jurisdiction. In neither of the cases cited by counsel for the complainant in the present as well as in the Babcock Case was there anything decided to the contrary of this. In Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, the question whether or not a proper alignment of the parties, according to their real interests, would fail to present a controversy wholly between citizens of different states was not suggested to the court. The only jurisdictional question there presented appears from this quotation from the opinion in that case:

"We are met at the threshold with an objection that this is, in effect, a suit against the state of Texas, brought by a citizen of another state, and therefore, under the eleventh amendment to the constitution, beyond the jurisdiction of the federal court."

In Mercantile Trust Co. v. Texas & P. Ry. Co., 51 Fed. 529, the objection made to the jurisdiction of the court, as appears from the answer of the defendants Reagan, McLean, Foster, and Culberson, was that the Texas & Pacific Railway Company was a corporation created under the laws of the United States, and that its principal office and domicile was in the state of New York, thereby constituting that company a citizen of that commonwealth, of which state the complainant also was a citizen; wherefore it was claimed by the defendants other than the Texas & Pacific Company "that said complainant is not entitled to maintain its suit against the defendant railway company, because complainant and said company are citizens of the same state, and there is no real controversy between complainant and said defendant railway company, and none between them

arising under the constitution and laws of the United States; and the said suit between the said parties is believed to be collusive or feigned." In respect to this point the court said (51 Fed. 536):

"It is apparent from the whole record and the conduct of this hearing, that the controversy is not between complainants and the railways, but between the railways and the other defendants."

The court, therefore, conceding the citizenship of the Texas & Pacific Railway Company to be in New York, as claimed by the other defendants, evidently concluded that, although the company was a nominal defendant, yet a proper alignment of the parties, according to their real interests, would place that company with the complainant; thus making the controversy between citizens of different states, and therefore within the jurisdiction of the court. In the present case, however, it is a mistake to suppose that the jurisdiction depends upon diverse citizenship of the parties. The bill presents a federal question, namely, the question whether the ordinance set out in the bill violates those provisions of the constitution of the United States declaring that no person shall be deprived of his property without due process of law, and securing to every person the equal protection of the laws. Reagan v. Trust Co., supra; Central Trust Co. of New York v. Citizens' St. Ry. Co. of Indianapolis, 82 Fed. 1. That a mortgagee has such an interest in the mortgaged property as entitles him to bring suit to restrain injury thereto is, in my opinion, beyond doubt. Such right was distinctly recognized in the cases of Mercantile Trust Co. v. Texas & P. Ry. Co. and Reagan v. Trust Co., supra. The demurrer would, therefore, be overruled, but for the failure of the complainant to make the San Diego Water Company a party to the suit. Because of the absence of that indispensable party the demurrer is sustained, with leave to the complainant to amend the bill within 10 days, if it shall be so advised.