CONSOLIDATED WATER CO. v. CITY OF SAN DIEGO et al.

(Circuit Court of Appeals, Ninth Circuit.  February 6, 1899.)

No. 460.

1. COURTS—JURISDICTION—FEDERAL QUESTION.
   A bill to annul a city ordinance fixing rates to be charged by a water company, which are claimed to be so unreasonably low as to amount to a practical taking of the company's property mortgaged to complainant, without due process of law, etc., in violation of the United States constitution, presents a federal question.

2. INJUNCTION TO PROTECT MORTGAGED PROPERTY.
   In a suit by a mortgagee of the property of a water company to restrain the enforcement of a city ordinance fixing rates of charge for water furnished by it, on the ground that such rates were so unreasonably low as to amount to a taking of the company's property without due process of law, the company is a necessary party complainant; its rights being directly affected by any decree which could be rendered therein.

Appeal from the Circuit Court of the United States for the Southern District of California.

John D. Works, Bradner W. Lee, and Lewis R. Works, for appellant.

H. E. Doolittle, City Atty., for appellees.

Before GILBERT and MORROW, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge.  This is a suit in equity, brought by the Consolidated Water Company, a corporation of West Virginia, as the holder and owner of certain bonds issued by the San Diego Water Company, a corporation of California (said bonds being secured by a mortgage upon the San Diego Water Company property, which supplies the city of San Diego and its inhabitants with water for domestic and other purposes), against the city of San Diego, the board of aldermen of said city, and the board of delegates of said city.  The object of the suit is to obtain a decree of the court declaring null and void an ordinance of the city, enacted in 1896, fixing the rates at which the water supplied by the San Diego Water Company to the city should be furnished, upon the ground that the rates established by the ordinance are so unreasonably low as to amount to a practical taking of the property mortgaged to the complainant, without just compensation, contrary to the provisions of the constitution of the United States.  It will be seen that the jurisdiction of the court does not depend upon the diverse citizenship of the parties.  A federal question is presented, which gives the court jurisdiction, viz. whether the ordinance set out in the bill violates the provisions of the constitution of the United States which declare that no person shall be deprived of his property without due process of law, and securing to every person the equal protection of the laws.  The question as to the jurisdiction of the court will not, therefore, be discussed.

The defendants demurred to the bill upon the ground, among others, "that it appears upon the face of the said bill of complaint that

93 F.—54

the San Diego Water Company is a necessary and indispensable party complainant in this action, but that the San Diego Water Company has not been made a party to this action." The circuit court sustained this ground of the demurrer; and, complainant having declined to amend, the court entered a decree dismissing the bill, and gave judgment in favor of the defendants for their costs. This appeal is taken from that decree, and the sole question presented for our consideration is as to whether or not the court erred in sustaining the demurrer. There has been an elaborate discussion of the various grounds of the demurrer, and a copious citation of authorities upon all the points discussed by counsel. We shall limit the discussion to the ground of demurrer which was sustained by the circuit court.

Upon the facts alleged in the bill, is the San Diego Water Company an indispensable party to the suit? What are the facts? The bill shows that the title to the property mortgaged to secure the bonds owned by the complainant is in the San Diego Water Company; that the whole amount expended in the construction of its water plant amounted to more than $1,000,000; that it constitutes the only property owned by the San Diego Water Company; that the only means by which said company can make and realize any revenue by which to pay its operating expenses, and for the maintenance of its plant and system, and the interest falling due each year upon the said bonds, and to pay the principal thereof when the same falls due, are the sums which it is entitled to collect for water rates, fixed by the common council of the city of San Diego; that, unless reasonable rates are allowed therefor, neither the said interest nor principal can be paid; that the annual necessary expenses of the San Diego Water Company in the operating and maintenance of its plant, not including either the interest on its bonds or the natural depreciation of its distributing system and plant, commencing July 1, 1896, and ending June 30, 1897, will amount to not less than $50,000; that the amount of interest due the complainant each year on said bonds is the sum of $50,000; that the amount of the annual depreciation of said plant is $40,000; that unless an amount sufficient to pay the said operating expenses, and to replace and make good the loss to said complainant by reason of the natural depreciation, is provided for by rates, the security of the complainant for the payment of the said bonds will be rendered practically valueless; that unless such rates are fixed so as to enable the San Diego Water Company to pay the interest on said bonds, over and above its said operating expenses, and the amount necessary to make good said losses, the complainant will be compelled to lose the interest on the bonds; that in order to pay said operating expenses, and make good said losses, and pay the interest on the bonds, the rates must be so fixed by the said common council as to afford the said company $140,000 per annum; that the distributing system of the said water company is perishable property, and the same will be required to be replaced at least once in 15 years; that so long as the ordinance (set forth in the bill) remains in force, and the San Diego Water Company is compelled to furnish water thereunder, it will be required and compelled

to supply water at a positive loss to itself. And in the prayer of the bill the complainant asks that the city of San Diego, and the common council thereof, be forever enjoined from enforcing said ordinance, as against the San Diego Water Company; that the said city of San Diego and the said common council be enjoined from proceeding against the San Diego Water Company to forfeit its said plant and property, if it should fail and refuse to comply with the terms of the said ordinance; that the said common council be required to immediately pass and adopt another, and legal, ordinance, fixing reasonable and just rates to be charged by the San Diego Water Company for water to be furnished to the said city and its inhabitants.

From this brief reference to the allegations of the bill, it will readily be seen that the San Diego Water Company has an interest in the subject-matter of the suit, and that any decree that might finally be rendered therein would affect its interest. It is certainly interested in obtaining the relief sought for by the complainant, and would doubtless be entitled, in its own behalf, if so disposed, to bring a suit in its own name, and litigate the same question, in a competent court. Its presence is necessary to a full and complete determination of the questions in controversy in this suit. To determine some of the questions raised by the bill as to the reasonableness of the rates fixed by the ordinance, it will involve an investigation of the management of the affairs of the company. In Shields v. Barrow, 17 How. 130, 139, indispensable parties are described as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." See, also, Barney v. Baltimore City, 6 Wall. 281, 284; Cunningham v. Railroad Co., 109 U. S. 446, 456, 3 Sup. Ct. 292, 609; Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691.

In Gregory v. Stetson, 133 U. S. 579, 586, 10 Sup. Ct. 422, 424, where the circuit court entered a decree dismissing the bill for want of proper parties, Lamar, J., in delivering the opinion of the court, said:

"We are of opinion that the decree of the court below must stand. The rule as to who shall be made parties to a suit in equity is thus stated in Story, Eq. Pl. § 72: 'It is a general rule in equity * * * that all persons materially interested, either legally or beneficially, in the subject-matter of the suit, are to be made parties to it, either as plaintiffs or as defendants, * * * so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others who are interested in the subject-matter, by a decree which might otherwise be grounded upon a partial view, only, of the real merits. When all the parties are before the court, the whole case may be seen; but it may not, where all the conflicting interests are not brought out upon the pleadings by the original parties thereto.' See, also, 1 Daniell, Ch. Pl. & Prac. 246 et seq. In the case before us, we are unable to see how any final decree could be rendered, affecting the parties to the contract sued on, without making them all parties to the suit. It is an elementary principle that a court cannot adjudicate directly upon a person's right, without having him either actually or constructively before it."

See, also, Davenport v. Dows, 18 Wall. 626; Bland v. Fleeman, 29 Fed. 669, 673; Water Co. v. Babcock, 76 Fed. 243; Mangels v. Brewing Co., 53 Fed. 513; Board v. Blair, 70 Fed. 414, 419.

The general rule as to parties, as expressed in many of the authorities, is to the effect that all persons should be made parties to a suit in equity who are directly interested in obtaining or resisting the relief prayed for in the bill or granted in the decree. And in a case like the present, where the trial of the suit would necessarily involve the management and conduct of the affairs, and an adjudication of the rights, of the San Diego Water Company, it is essentially necessary that it should be made a party to the suit, either as a plaintiff or a defendant. 1 Fost. Fed. Prac. § 42; Gaylords v. Kelshaw, 1 Wall. 81; New Orleans Waterworks Co. v. City of New Orleans, 164 U. S. 471, 480, 17 Sup. Ct. 161; Chadbourn v. Coe, 45 Fed. 822, 825; Gardner v. Brown, 21 Wall. 36, 40; Mallow v. Hinde, 12 Wheat. 193, 198; California v. Southern Pac. Co., 157 U. S. 229, 15 Sup. Ct. 591.

There is nothing contained in the opinion in the case of Consolidated Water Co. v. City of San Diego, 89 Fed. 272, in opposition to the views expressed by the court in overruling the demurrer in the present case. In that case the court said:

"The interest conveyed by such a mortgage vests, in my opinion, in the mortgagee a separate and independent interest, which the mortgagee has a separate and independent right to protect, when unlawfully assailed; taking care, of course, to bring into the suit all necessary parties. Such was the view and the ruling of this court in the case of Consolidated Water Co. v. City of San Diego, 84 Fed. 369, and I see no good reason to change them."

We are of opinion that upon the facts, and under the principles announced in the authorities we have cited, the San Diego Water Company is not only a necessary, but an indispensable, party to the suit. The court did not err in sustaining the demurrer. The judgment of the circuit court is affirmed.