## HALPIN v. SAVANNAH RIVER ELECTRIC CO.

No. 2930.

Circuit Court of Appeals. Fourth Circuit.

May 10, 1930.

**330**

HAYES, District Judge, dissenting.

D. W. Robinson, of Columbia, S. C., and E. H. Callaway, of Augusta, Ga. (George E. O'Connor, of Waterford, N. Y., and T. B. Greneker, of Edgefield, S. C., on the brief), for appellant.

M. G. McDonald, of Greenwood, S. C. (J. W. Thurmond, of Edgefield, S. C., Hull, Barrett & Willingham, of Augusta, Ga., and Grier, Park & McDonald, of Greenwood, S. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

PARKER, Circuit Judge.

The Twin City Power Company is a South Carolina corporation which owns lands and riparian rights on the South Carolina side of the Savannah river. It also owns all of the stock in a Georgia corporation of similar name which owns similar lands and rights on the Georgia side of the river. These corporations have issued bonds, which are held by the same persons who own the stock of the South Carolina corporation, and to secure these bonds have executed a joint mortgage embracing the lands on both sides of the river. Daniel J. Halpin, a resident of the state of New York, whom we shall hereafter refer to as complainant, has been appointed trustee under this mortgage.

On April 2, 1929, the Savannah River Electric Company, a South Carolina corporation, to which we shall refer as defendant, served notice on complainant, Halpin, and the Twin City Power Company of South Car-

olina, pursuant to section 4990, vol. 3, of the Code of South Carolina of 1922, that it would condemn the lands and rights of the Twin City Power Company in the state of South Carolina covered by the mortgage in which Halpin was trustee. Within thirty days of the notice, both Halpin and the power company served notice upon defendant that they refused to consent to its entering upon or taking possession of the lands; and on April 18th Halpin filed this suit in the District Court of the United States for the Western District of South Carolina, asking that defendant be enjoined from instituting the condemnation proceedings. The Twin City Power Company was not made a party to the suit, but six days later, through the same counsel, it instituted in the state courts a similar suit to which complainant was not made a party and which is still pending. The suit here was dismissed in the court below on the ground that the power company was an indispensable party, and that, even if not indispensable, it bore such a relationship to the subject-matter of the controversy that the court, in the exercise of the discretion vested by the Thirty-Ninth Equity Rule (28 USCA § 723), should refuse to proceed with the case without its being joined. From the decree dismissing the bill, complainant has appealed.

We think that the suit was properly dismissed for failure to join the power company. In considering the necessity of joinder, parties group themselves into three classes: (1) Those who are merely proper parties; (2) those who are necessary, or what have been called "conditionally necessary," parties; and (3) those who are indispensable parties. In the first class are formal parties and those who, while not interested in the controversy between the immediate litigants, have an interest in the subject-matter which may be conveniently settled in the litigation. The absence of such parties is no ground for dismissal. In the second class are those who have an interest in the controversy, but one which is separable from that of the parties before the court and which will not be affected by a decree made in their absence. These should be made parties if possible, in order that there may be a complete determination in one suit of all questions involved. If, however, they are beyond the jurisdiction of the court, or if their joinder would result in ousting the jurisdiction, the court may in its discretion proceed, without their joinder, under Equity Rule 39. In the third class are those who have an interest in the controversy of such a nature that a final decree cannot be made without either affecting that interest,

or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. Unless these are made parties, the court will not entertain the suit. Shields. v. Barrow, 17 How. 130, 139, 15 L. Ed. 158; Barney v. Baltimore, 6 Wall. 280, 284, 18 L. Ed. 825; Williams v. Bankhead, 19 Wall. 563, 571, 22 L. Ed. 184; Niles-Bement-Pond Co. v. Iron Moulders' Union Local No. 68, 254 U. S. 77, 80, 41 S. Ct. 39, 41, 65 L. Ed. 145. In this case we think that the Twin City Power Company falls within the third class, but, if not there, unquestionably within the second.

We think, in the first place, that the case is clearly one where a final decree cannot be made without affecting the interests of the Twin City Power Company. The injunction sought is to prevent the condemnation of the property of that company, and the rights asserted by complainant are rights arising out of that property and dependant upon the power company's ownership thereof. If the condemnation be allowed to proceed, the property will be taken from the power company. If it be enjoined, that company will be deprived of whatever rights it may have under the proposed condemnation. In either event, its interests will necessarily be affected by the decree entered in a suit to which it is not a party. It matters not that the company does not desire the condemnation and regards same as detrimental to its interests; for the determining factor on the question of joinder is that its interests will necessarily be affected by any decree which may be entered in the suit.

It has been expressly held that, in suits for condemnation, there is no severable interest between the owner of the land and a mortgagee, and that a nonresident may not remove such suit to the federal court on the ground that it involves a separable controversy. In re City of Seattle (D. C.) 237 F. 100; Fishblatt v. Atlantic City (C. C.) 174 F. 196, 198; Helena Power Transmission Co. v. Spratt (C. C.) 146 F. 310. In the Fishblatt Case, Judge Rellstab stated the rule thus:

"In condemnation proceedings such as these, the land and all rights therein are taken (P. L. N. J. 1894, p. 146 [1 Comp. St. N. J. 1910, p. 1075, §§ 1748–1755]), and if the mortgage covers all or any part of such property, both the mortgagee and the owner of the equity of redemption are indispensable parties to the suit. Each has an interest in the whole covered by such mortgage. No part of such mortgaged premises can be tak-

en from one party without affecting the others' estate. A lienholder, in a controversy over the taking of the fee, cannot be separated from the owner of the equity of redemption."

In the case of Bellaire v. B. & O. Ry. Co., 146 U. S. 117, 13 S. Ct. 16, 17, 36 L. Ed. 910, the Supreme Court used the following pertinent language as to the nature of a condemnation proceeding and the rights thereunder of persons having an interest in the property condemned:

"The cause of action alleged, and consequently the subject-matter of the controversy, was whether the whole lot should be condemned; and that controversy was not the less a single and entire one because the two defendants owned distinct interests in the land, and might be entitled to separate awards of damages. Kohl v. U. S., 91 U. S. 367, 377, 378 [23 L. Ed. 449]. The ascertaining of those interests, and the assessment of those damages, were but incidents to the principal controversy, and did not make that controversy divisible, so that the right of either defendant could be fully determined by itself, apart from the right of the other defendant, and from the main issue between both defendants on the one side and the plaintiff on the other."

It is sought to distinguish the above cases on the ground that the mortgagee in South Carolina acquires no title to the property but merely a lien thereon. We think, however, that this might render it unnecessary to join the mortgagee as a party to condemnation proceedings (see 20 C. J. 922 and cases there cited), but certainly could not be a reason for not joining the owner of the land. We know of no case holding that the owner need not be joined in such a proceeding; and it is clear that, if he is indispensable in a suit for condemnation, he is equally so in a suit to enjoin condemnation; for his interest in the land is necessarily affected by the outcome of the suit in either event. In the condemnation suit, his interest is taken, whereas in the injunction suit the condemnor is forbidden to take it, or it is adjudged to be subject to condemnation.

While there seem to be no cases holding directly that the owner of property is a necessary party to a suit by a mortgagee to restrain condemnation, there are a number which lay down the general rule applicable in such a case. In Niles-Bement-Pond Co. v. Iron Moulders' Union, supra, complainant had a contract with a subsidiary corporation under which the latter was to manufacture

goods which complainant had contracted to sell. Suit was instituted to enjoin defendants from interfering with the employees of the subsidiary corporation, and it was held that the latter was an indispensable party to the suit. In that case complainant's cause rested upon the rights of the subsidiary corporation as against its employees; here it rests upon the rights of the mortgagor as against the company seeking to condemn its property. In holding that the subsidiary corporation was a necessary party to the suit and should be aligned with the complainant for the purpose of determining jurisdiction, the court used language which is very pertinent here. It said:

"Petitioner's claim of right, the validity of which we are not called upon to determine, is rested wholly upon the contract of the Tool Company with its employees, and the character and construction of that contract of employment must inevitably be passed upon in any decision of the case, and obviously, if the petitioner should fail in such a suit as this, with the Tool Company not a party, any decree rendered would not prevent a relitigating of the same questions in the same or in any other proper court, and it would settle nothing. Thus, if the Tool Company be considered as having any corporate existence whatever separate from that of the petitioner, it must have an interest in the controversy, involved in such a case as we have here, of a nature such that a final decree could not be made without affecting that interest, and perhaps not without leaving the controversy in a condition wholly inconsistent with that equity which seeks to put an end to litigation by doing complete and final justice, and therefore it must be concluded that it was an indispensable party, within the quoted long-established rule."

Mahon v. Guaranty Trust & Safe Deposit Co. (C. C. A. 7th) 239 F. 266, 270, was a suit by a mortgagee to enjoin the employees of a mortgagor from violating their contract of employment. In holding that the mortgagor was an indispensable party and should be aligned with the mortgagee, the court, speaking through Judge Evans, said:

"That such company is an indispensable party is clearly shown when we consider the possible, and in fact probable, embarrassment which the courts will meet, if separate actions in respect to this contract can be maintained in different jurisdictions. If this case were to proceed to trial without the traction company and the court upheld the contract and enforced its terms against the defendant employees, its decision would not be binding upon the mortgagor in a subsequent action. If the traction company were not a party to the action it would have a perfect right to test out the same question in the state court. Such a situation should not be tolerated. The mere statement of the possibilities shows the absolute necessity of making the traction company a party to this action."

In Consolidated Water Co. v. City of San Diego (C. C. A. 9th) 93 F. 849, suit was instituted by the mortgagee of a water company to enjoin the enforcement of an ordinance, fixing the rate for water furnished by it, on the ground that the rates were so unreasonably low as to amount to a taking of the company's property embraced in the mortgage without due process of law. It was held that, as the trial of the suit would necessarily involve the management and conduct of the company's affairs and an adjudication of its rights, it was an indispensable party. The same thing is true of the case at bar. A decree could not be granted except upon an adjudication that the rights of the power company are of such a character that its property is not subject to condemnation in the manner proposed.

But if the power company be considered not an indispensable party, there can be no question that it falls within the class of parties "conditionally necessary"; i. e., parties without whom the court may in its discretion proceed, if to insist upon joinder would defeat jurisdiction, but who should be joined and for whose absence the court may in its discretion refuse to proceed. Rule 39 of the New Equity Rules prescribes the rule to be followed in such cases. It is as follows:

"Rule 39. *Absence of Persons Who Would be Proper Parties*—In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

This rule, of course, has no application to indispensable parties; for as to them failure to join defeats jurisdiction absolutely, and the court has no discretion in the matter. As to other persons who should be joined, parties conditionally necessary, the language

shows clearly that it is within the sound discretion of the court to determine whether or not to proceed in their absence; for, if the fact that the party is not indispensable were determinative of the right to proceed without him, there would be no occasion for the use of the words, "the court may, in its discretion, proceed in the cause without making such persons parties." This rule and old rule 47 were but declaratory of the existing equity practice, under which it has always been discretionary with the chancellor whether he shall proceed with or dismiss a cause where complainant has failed to join as parties persons whose presence is necessary to a complete determination of the matter before the court. See Thomas v. Anderson (C. C. A. 8th) 223 F. 41, 43. That practice was well stated by Chief Justice Marshall in the leading case of Elmendorf v. Taylor, 10 Wheat. 152, 166, 6 L. Ed. 289, as follows:

"Courts of equity require, that all the parties concerned in interest shall be brought before them, that the matter in controversy may be finally settled. This equitable rule, however, is framed by the court itself, and is subject to its discretion. It is not, like the description of parties, an inflexible rule, a failure to observe which turns the party out of court, because it has no jurisdiction over his cause; but being introduced by the court itself, for the purposes of justice, is susceptible of modification, for the promotion of those purposes. * * * The rule which requires that all persons concerned in interest, however remotely, should be made parties to the suit, though applicable to most cases in the courts of the United States, is not applicable to all. In the exercise of its discretion, the court will require the plaintiff to do all in his power to bring every person concerned in interest before the court. But if the case may be completely decided as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach, as, if such party be a resident of some other state, ought not prevent a decree upon its merits."

■ The question then arises whether this is a case wherein we can say that the court should have exercised its discretion to proceed without the joinder of the power company, and that the dismissal amounted to an abuse of discretion. We think not. Any decree which might have been rendered, while determining rights of vital interest to the power company, would not have been binding upon that company, but would have left it free to litigate the same questions over again. It appeared furthermore that the company had actually instituted against the defendant a suit in the state courts to obtain exactly the same relief as was sought here; and this was of special significance in view of the fact that the same persons who owned the bonds secured by the mortgage owned also the stock of the power company. To allow the suit to have been maintained, therefore, without the joinder of the company, would have amounted to allowing the same persons to litigate the same questions twice. It goes without saying that, under such circumstances, no court should have allowed complainant to proceed without the joinder of the company. Nemo debet bis vexari.

■ It is said that the jurisdiction of the court is invoked to preserve the rights of complainant under the Constitution of the United States as well as on account of diversity of citizenship. This, however, instead of excusing the joinder of the power company, is an additional reason why the court should not have proceeded without its presence; for, where jurisdiction is invoked because the case arises under the Constitution or laws of the United States, it is not defeated by lack of diversity of citizenship and there is no possible excuse for failure to join a party within the jurisdiction whose presence is necessary to a complete determination of the controversy.

For the reasons stated, we think that the decree of dismissal was correct, and same is accordingly affirmed.

Affirmed.

HAYES, District Judge (dissenting).

The complainant (appellant), resident of New York, is a trustee under a joint corporate mortgage executed by Twin City Power Company, of South Carolina (a South Carolina corporation which owns several thousand acres of land and riparian rights on the South Carolina side of the Savannah river and all the stock in the Twin City Power Company of Georgia, the latter company owning large acreage and riparian rights on the Georgia side), and Twin City Power Company of Georgia on all the lands, rights, and franchises of both corporations to secure the payment of $1,000,000 bonds. The property is suitable for a valuable power site and was acquired by the mortgagors for that purpose and as such constitutes the real security of the mortgage.

The Savannah River Electric Company is a South Carolina corporation which has erect-

ed a dam across the Savannah river several miles below the property of the Twin City Power Company, and now proposes to erect another dam between the two sites which will overflow practically all of the lands of Twin City Power Company and destroy its power site. Pursuant to section 4990, vol. 3 of the Code of South Carolina of 1922, it served notice on the Twin City Power Company and Halpin, trustee, that it would condemn all lands of Twin City Power Company in South Carolina, including riparian rights, franchises, and privileges. Within thirty days thereafter, Halpin and the power company served notice that they refused to consent to the condemnation.

Halpin as trustee, without making the mortgagor a party, filed this suit in the District Court of South Carolina, praying an injunction against further proceeding in condemnation by the Savannah River Electric Company. Abundant facts and equitable grounds are stated in the bill which, if true, warrant the injunction. The defendant moved to dismiss the suit for failure to make Twin City Power Company a party. On hearing the motion the court dismissed the suit on the ground that the mortgagor was an indispensable party and, if not indispensable, at least a necessary party without whose presence the court, in its discretion under Equity Rule 39 (28 USCA § 723), would not proceed. From this decree Halpin appeals.

Does a mortgagee by virtue of his lien have a property right in the premises which he can protect by injunction from injury by an outside party without joining the mortgagor in the suit? The law of South Carolina treats a mortgage as a lien, the mortgagor still holding the title and possession even after default, coupled with the power of sale on default. The law of that state by statute prescribes that no question as to the legality of the condemnation can be raised in the condemnation proceeding. The only question is the ascertainment of the amount of damages. The owner must bring a separate suit in equity if he wishes to challenge the right to condemn, and the only purpose of the suit is to determine that right. Town of Greenwood v. Yoe, 89 S. C. 24, 71 S. E. 238. If the mortgage creates a specific lien on the premises for the payment of the debt, it is surely a property right of which he cannot be deprived without due process of law. I can see no valid reason why the mortgagee should be deprived or limited in applying to a court of equity for relief to restrain any wrongful or unlawful impairment or destruc-

tion of his security. On the contrary, valid reasons exist why he should not be so deprived. Frequently property is mortgaged in excess of its true value which is intimated in this case. The interest of the mortgagor is nil. He may not care to protect the mortgaged premises; he may not want to invoke the aid of the court on account of the attendant delay and expense. Is the interest of the mortgagor so intermingled with, or inseparable from, that of the mortgagor that he cannot protect it in a court of equity from injury by strangers except by making the mortgagor a party? I do not so understand the law.

If the defendant has no legal right to condemn the property, the condemnation is unlawful and the defendant occupies a position no more favorable than a trespasser.

"The right of a mortgagee under certain conditions to bring an injunctional suit to protect its security independently of the mortgagor is thoroughly established. Some of the cases cited above not only recognize such right on the part of the mortgagee but further hold that the mortgagor is an unnecessary party. Such rule is applied where the suit is brought to restrain threatened injury to the security by trespassers or other tort-feasors, and where the threatened injury is by outsiders, strangers to the affairs and contracts of the mortgagor." Mahon v. Guaranty Trust Co. (C. C. A.) 239 F. 266, 270.

In City and County of Denver v. New York Trust Co. (C. C. A.) 187 F. 890, 894, we find the following language:

"The Trust Company as the representative of the bond holders has certain rights independently of its mortgagor, the Water Company, and is not concluded by the action or nonaction of the latter. Though possession, management and operation of the mortgaged property, with their usual incidents, remain with the Water Company, the derivative interest of the Trust Company is such as to entitle it to protection and to preserve the property pledged to it from unlawful injury or destruction."

In Mercantile Trust Co. v. Columbus, 203 U. S. 311, 27 S. Ct. 83, 51 L. Ed. 198, the right of the mortgagee to injunctive relief, independent of the mortgagor, was recognized.

Mortgagees have obtained injunctive relief against injury to mortgaged premises in many instances without making mortgagors parties to the suit. Carter v. Fortney (C. C.) 170 F. 463, affirmed by the Fourth Circuit Court of Appeals, per curiam, 203 F. 454;

Ex parte Haggerty (C. C. W. Va.) 124 F. 441; Consolidated Water Co. v. City of San Diego (C. C.) 84 F. 369; Id. (C. C. A. 9th) 93 F. 849; City of Denver v. Mercantile Trust Co. (C. C. A.) 201 F. 790; Equitable Trust Co. v. Denney (C. C. A. 7th) 24 F. (2d) 169.

In the last case the mortgagee of a traction company was permitted to enjoin a competing bus line without making the mortgagor a party.

The mortgagor is not an indispensable party in a suit by the mortgagee to enjoin threatened injury to the mortgaged property by third persons. Cyclopedia of Federal Procedure, § 3184.

In the instant case complainant prays injunction against threatened injury by an outsider, a stranger to the affairs of the mortgagor. The sole relief sought is the preservation of the premises, contracts, and franchises embraced in the mortgage, against the alleged wrongful taking by the defendant. It is suggested that no decree can be entered without affecting the mortgagor. If so, it is incidental, not primary. The mortgagee does not seek damages for mortgaged premises taken or injured. Herein lies the clear distinction. If there is to be a recovery for premises taken or injured, obviously the mortgagor would be indispensable, for there could be only one award of damages. Compensation is to be substituted for the res, and the mortgagor and the mortgagee are interested and necessary parties to all suits of that character. If, in the instant case, the mortgagor and mortgagee had consented to condemnation, and damages remained to be assessed for the property taken, the mortgagee could not move the case to the federal court for no separable controversy exists. The compensation covers the whole injury and will be distributed as their interests appear. This, as I understand it, is the reason in the rule laid down in Re City of Seattle (D. C.) 237 F. 100; Fishblatt v. Atlantic City (C. C.) 174 F. 196; Helena Power Transmission Co. v. Spratt (C. C.) 146 F. 310 and Bellaire v. B. & O. Ry. Co., 146 U. S. 117, 13 S. Ct. 16, 36 L. Ed. 910. But these decisions by no means support the proposition presented in this suit, for this is not a condemnation proceeding nor an action to recover damages.

Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U. S. 77, 80, 41 S. Ct. 39, 65 L. Ed. 145; Mahon v. Guaranty Trust & Safe Deposit Co. (C. C. A.) 239 F. 266, and Consolidated Water Co. v. City of San Diego (C. C. A. 9th) 93 F. 849, cited in the opinion in this case, are distinguishable for in each of these cases there is privity between the party sought to be restrained and the absent party, who was held indispensable.

The mortgagee is the owner in the sense that he can test the legality of the proposed condemnation; he has a separate right to protect the premises from wrongful injury in order to protect his lien, and so long as his relief is confined solely to enjoin the wrongful taking, he may have such relief without making mortgagor a party, since the preservation of the premises from wrongs of others do not affect in a legal sense the mortgagor. A final decree would not affect that interest, nor leave the controversy in such a condition that its final termination will be wholly inconsistent with equity and good conscience. If the taking is lawful the mortgagor could not, if present, prevent it. If it is unlawful, the mortgagee who deems the taking destructive of his interest has the undoubted right to prevent it regardless of its effect on the mortgagor. After the mortgagor pledges his property to secure a debt, neither equity nor good conscience requires the mortgagee to suffer his security to become impaired for the sake of permitting the mortgagor the intimated advantage of having his mortgaged premises condemned.

The District Court held that the mortgagor was an indispensable party and dismissed the bill as a matter of law. The decree then dismisses the bill as a matter of discretion because the mortgagor is regarded, at least, a necessary party without whose presence the court may proceed in its discretion. If the judge's mind was convinced on the legal proposition that the mortgagor was indispensable, it had no opportunity to exercise a sound, judicial discretion. If the court is satisfied that the party is not indispensable, it might alter its views about it being a necessary party. I think the case should be remanded for further proceedings. Equitable Trust Co. v. Denney (C. C. A.) 24 F. (2d) 169.