**In re Robert WRIGHT, Phyllis A. Wright, Debtors.**

**Bankruptcy No. 94–1–4229–DK.**

United States Bankruptcy Court, D. Maryland.

Sept. 5, 1995.

Robert E. Wright, Phyllis A. Wright, Fort Washington, MD, pro se.

Peter L. Goldman, Alexandria, VA, for Dist. Government Employees Federal Credit Union.

Thomas L. Lackey, Trustee, Bowie, MD.

## *AMENDED MEMORANDUM OPINION*

DUNCAN W. KEIR, Bankruptcy Judge.

Movant, District Government Employees Federal Credit Union, having filed a Motion for Reconsideration of Motion to Modify Automatic Stay, requests that this Court reconsider its January 27, 1995 Order denying Movant's Motion to Modify Automatic Stay ("Motion for Reconsideration").

On October 20, 1994, Movant filed a Motion to Modify Automatic Stay. On January 20, 1995, this Court held a hearing on said motion. At that hearing, and in a subsequent written Order entered January 27, 1995, this Court denied relief from the automatic stay because Movant failed to establish the validity of its claim. On April 25, 1995, 88 days after this Court's Order denying Movant's Motion to Modify Automatic Stay, Movant filed the Motion for Reconsideration. The Motion for Reconsideration merely renews the assertion that Movant has a valid secured claim. In support of this allegation, Movant attaches substantial documentary evidence and affidavits not previously submitted at this Court's January 20, 1995 hearing.[1]

Movant fails to cite any Bankruptcy Rule of Procedure under which the Motion for Reconsideration is brought. This court, however, will treat the Motion for Reconsideration as a Motion for Relief from Order under Federal Rule of Civil Procedure 60(b) as made applicable through Bankruptcy Rule 9024. The Motion for Reconsideration will not be considered a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(d), made applicable by Bankruptcy Rule 9023, as Movant filed the Motion for Reconsideration 88 days after this Court entered its Order denying Movant relief from the automatic stay. Under Federal Rule of Civil Procedure 59(e), such motions must be served within 10 days after entry of the judgment or order.

## I. FINALITY OF AN ORDER DENYING RELIEF FROM THE AUTOMATIC STAY

■ Federal Rule of Civil Procedure 60(b), by the rule's express terms, applies only to "a final judgment, order, or proceeding." Fed.R.Civ.P. 60(b). Consequently, the first issue that must be addressed is whether this Court's Order denying relief from the automatic stay is a final order. For the reasons discussed below, this Court finds that its Order denying relief from the automatic stay is a final order.

It has been accepted generally by all circuit courts that orders lifting the automatic stay are final. *See* 1 *Collier on Bankruptcy* ¶ 3.03(6)(e), at 3–200 (L. King 15th ed. 1993). A controversy exists between the circuits, however, with respect to whether or not all orders denying motions to lift the automatic stay are final.

Although early commentary on the Bankruptcy Code argued that orders denying relief from the automatic stay were interlocutory, *see* 1 *Collier on Bankruptcy* ¶ 3.03(7)(e) (1981), that position was criticized heavily and ultimately rejected by numerous circuits, including the fourth circuit. *See Grundy Nat. Bank v. Tandem Min. Corp.*, 754 F.2d 1436, 1439 (4th Cir.1985); *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984); *In re Taddeo*, 685 F.2d 24, 26 n. 4 (2d Cir.1982).[2]

---

**1.** The additional evidence presented by Movant includes: (1) the Security/Loan Agreement and related Auto Insurance Agreement entered into by Debtors and Movant, (2) written notices to Debtors from Movant's collateral insurance company notifying Debtors of their failure to comply with provisions of the Security/Loan Agreement, (3) Statement of Accounts sent by Movant to Debtors, (4) a Final Statement of Account, (5) an affidavit from Ronald White, Movant's Collection

Manager during most of the life of the loan at issue, and (6) an affidavit from Ernest Golden, Movant's current Collections Manager.

**2.** *Collier* subsequently revised its position on this issue as a result of the criticism. *See* 1 *Collier on Bankruptcy* ¶ 3.03(6)(e), at 3–200 to 202 (L. King 15th ed. 1995). *Collier* now states that whether an order denying relief from the automatic stay

However, while some circuits have found that all orders denying relief from the automatic stay are final, *see In re Sonnax Industries, Inc,* 907 F.2d 1280, 1284–85 (2d Cir. 1990),[3] other circuit courts, have refused to adopt such an all encompassing rule. These courts have held that whether an order denying relief from the automatic stay is interlocutory or final depends on the particular reasons underlying the court's order. 1 *Collier on Bankruptcy* ¶ 3.03(6)(e), at 3–202 (L. King 15th ed. 1993); *In re Comer,* 716 F.2d 168, 174 & n. 11 (3rd Cir.1983). Courts applying the "reason rule" hold that only where the litigation between the parties has been finally determined and there is nothing further for the court to rule on will an order denying relief from the stay be deemed final. 1 *Collier on Bankruptcy* ¶ 3.03(6)(e), at 3–201 to 202 (L. King 15th ed. 1993). Examples of final orders denying relief from the stay include a court's refusal to lift the stay because the moving party is found not to have an interest in, or valid lien on, the property. *Id.* Where, however, a court's denial is based upon circumstances such as an adequate equity cushion or that the moving party otherwise is adequately protected, the moving party would be free to renew its request for relief from the automatic stay at a later time in the case. *Id.* Consequently, the rights of the parties are not necessarily completely and finally determined. *Id.*

It is unclear whether the Court of Appeals for the Fourth Circuit, in its ruling in *Grundy Nat. Bank v. Tandem Min. Corp.,* 754 F.2d 1436, 1439 (4th Cir.1985), adopted the reason rule or the absolute rule.[4] Such a

determination need not be made, however, as this Court finds that, under either rule, the order denying relief from the automatic stay in this case is a final order. Here, this Court's denial of relief from the automatic stay was premised upon a finding that Movant failed to prove the existence of a valid secured claim against the debtor.[5] Thus, even under the reason rule, this Court's denial of relief from the stay was a final determination of the litigation as between the parties with respect to this issue.[6]

## II. APPLICATION OF RULE 60(b)

■ A party requesting relief pursuant to Federal Rule of Civil Procedure 60(b) must "make a showing of timeliness, a meritorious position, lack of prejudice to the opposition, and exceptional circumstances." *Aliff v. Joy Mfg. Co.,* 914 F.2d 39, 44 (4th Cir.1990). Once such a showing has been made, the moving party must then proceed to satisfy one or more of the six grounds for relief enumerated in that rule. *Id.*

■ Movant attaches to the Motion for Reconsideration substantial documentary evidence and affidavits in support of its position that this Court should reconsider its previous Order denying relief from the automatic stay. These documents were not presented at this Court's January 20, 1995 hearing. This Court's authority to reconsider its previous ruling based on newly presented evidence is limited to instances involving exceptional circumstances. *Id.* Consequently, a heavy burden is cast on Movant as the requirements of Rule 60(b) must be strictly met. *Id.; see also Johnson Waste Materials v.*

---

is interlocutory or final depends on the reasons for the court's order. *Id.*

3. Courts holding that all refusals to lift the automatic stay are final focus on the similarities between orders concerning stays and permanent injunctions, which are final orders. *See Taddeo,* 685 F.2d at 26 n. 4 (citing *Vicksburg v. Henson,* 231 U.S. 259, 266–67, 34 S.Ct. 95, 97–98, 58 L.Ed. 209 (1913)); *In re Leimer,* 724 F.2d 744, 745–46 (8th Cir.1984).

4. The Court of Appeals for the Fourth Circuit, in *Grundy,* stated "we are in agreement with our sister circuits that an order denying relief from the automatic stay is a final appealable order." *Grundy,* 754 F.2d at 1439. The breadth of this statement, however, remains unclear as the case law cited in support of this statement includes

decisions adhering to the more limited approach as well as those embracing the broader rule.

5. Movant's position at the January 20, 1995 hearing was that additional sums were owed by Debtors to Movant because Movant was forced to provide insurance on the vehicle.

6. Indeed, as this Court's Order disposed of the entire subject matter regarding the validity of Movant's secured claim, the finding of this Court would be res judicata as to any subsequent attempt by Movant to secure possession of the property at issue from the debtor. *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982).

*Marshall,* 611 F.2d 593, 597–98 (5th Cir. 1980).

This Court is mindful of the potentially unmanageable and limitless precedent that could result from a less than strict interpretation of this rule. A narrow interpretation therefore is critical to the promotion of the fundamental and sacred concepts of judicial repose and efficiency as well as to foster reliance on adjudications by putting an end to a cause of action once litigated. *U.S. v. Carolina Eastern Chemical Co., Inc.,* 639 F.Supp. 1420, 1424 (D.S.C.1986); *see also U.S. v. Tatum,* 943 F.2d 370, 381 (4th Cir. 1991).

The Court of Appeals for the Fourth Circuit, in *Boryan v. U.S.,* 884 F.2d 767, 771 (4th Cir.1989), discussed the standard governing relief on the basis of newly discovered evidence. That Court stated:

> [I]n order to support a motion for reconsideration, 'the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.' *Frederick S. Wyle P.C. v. Texaco, Inc.,* 764 F.2d 604, 609 (9th Cir.1985) (citations and quotation marks omitted); *see also Stiers v. Martin,* 277 F.2d 737 (4th Cir.1960). Evidence that is available to a party prior to the entry of judgment, therefore is not a basis for granting a motion for reconsideration as a matter of law. *Frederick S. Wyle P.C.,* 764 F.2d at 609; *see also Taylor v. Texgas Corp.,* 831 F.2d 255, 259 (11th Cir.1987).

*Boryan,* 884 F.2d at 771 (emphasis in original).

Other courts also have interpreted strictly the standard governing relief under motions for reconsideration noting that such motions should not be "employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986).

In the instant case, Movant fails to demonstrate why it could not discover this evidence prior to the January 20, 1995 hearing had it exercised due diligence. Indeed, Movant fails to describe what attempts, if any, were made to secure the documents and affidavits at an earlier date. Furthermore, given that the additional evidence presented consists only of documents and affidavits to which Movant had easy access prior to the hearing, this Court finds that, had Movant exercised due diligence, these documents and affidavits could have been discovered or prepared prior to, and ultimately presented at, the January 20, 1995 hearing. This evidence therefore is not "newly discovered" as required by Rule 60(b)(2) but merely newly produced. For these reasons, the motion to reconsider shall be denied.