### In re Sandra E. WILLIAMS, Debtor.

### Sandra Williams, Movant,

### v.

### Chevy Chase Bank, Respondent.

### No. 01–11242–DK.

United States Bankruptcy Court, D. Maryland, at Greenbelt.

March 20, 2002.

---

Frank Morris, II, Landover, MD, for debtor.

Kristine D. Brown, Fairfax, VA, Kevin M. Fitzpatrick, Law Office of Kevin M. Fitzpatrick, Fairfax, VA, for creditors.

### MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

This matter comes before the court upon Chevy Chase Bank's [1] (the "Bank") Motion to Vacate Order Granting Motion to Avoid Lien (the "Motion to Vacate"). The court finds that the parties' arguments are sufficiently set forth in the pleadings and that a hearing would not aid the decisional process.

On February 2, 2001, Sandra Williams ("Debtor"), by counsel, initiated this chapter 13 bankruptcy case. Schedule A attached to her voluntary petition provides that Debtor owns real property at 11506 Snowden Pond Road, Laurel, Maryland (the "Property"), valued at $192,180.00.[2]

---

**1.** Formerly Chevy Chase Bank FSB, according to pleadings.

**2.** Schedule A does not list the Debtor's spouse, Robert Williams, as a co-owner of the Property. At the request of the court, the

Schedule D reflects two secured claims with respect to the Property at first trust in favor of First Horizon Home Loan Corporation ("First Horizon") in the amount of $223,163.82 and a second trust in favor of the Bank in the amount of $15,444.75.

On February 16, 2001, the Bank filed a Proof of Claim, asserting a secured claim in the amount of $15,966.69, including an arrearage of $728.26. The Proof of Claim was signed by John L. Casey ("Casey"). First Horizon filed its Proof of Claim on March 19, 2001, asserting a secured claim of $222,125.24, including an arrearage of $51,347.34. Attached to both proofs of claim were copies of deeds of trust, reflecting the grantors under the deeds of trust to be Robert A. Williams ("Williams") and Debtor.

Debtor filed a Motion to Avoid Lien of Chevy Chase Bank FSB Pursuant to 11 U.S.C. 506 (the "Motion to Avoid Lien") on March 7, 2001. Debtor also filed and served the Notice of Debtor's Motion to Avoid Lien, required by Local Bankruptcy Rule 3012-1(b), noticing the objection deadline of April 2, 2001, and noticing a hearing upon the Motion to Avoid Lien in the event of an objection for April 27, 2001.

The Motion to Avoid Lien averred that the Property had a fair market value of approximately $192,180.00, as evidenced by the Prince George's County tax assessment attached to the Motion to Avoid Lien. Debtor argued that because the first trust in favor of First Horizon exceeded the asserted value of the Property, the Bank's lien was without value to support it, thus wholly unsecured, and should be avoided.

The Bank did not file any response to the Motion to Avoid Lien and the court,

finding that there was no contradiction of the averred facts, as supported by the tax assessment valuation, entered the Order Granting Motion to Avoid Lien (the "Order Avoiding Lien") on April 26, 2001.[3] The Order Avoiding Lien provided that the Bank's claim was deemed "wholly unsecured" and would be void at such time as a discharge order is entered pursuant to 11 U.S.C. § 1328 and that the Bank's claim would be treated as unsecured under Debtor's plan.

Debtor filed her amended chapter 13 plan on May 9, 2001 (the "Plan"), providing, *inter alia:* "Payments to unsecured creditors shall be paid on a pro-rata basis. Including any indebtedness owed to Chevy Chase FSB on its unsecured 2nd Deed of Trust." The Bank did not object to Debtor's Plan. The court entered an Order Confirming Debtor's Plan on May 30, 2001.

The Bank filed the Motion to Vacate on June 18, 2001. In the Motion to Vacate, the Bank asserts that the Order Avoiding Lien must be vacated because Debtor failed to name two necessary parties to the Motion to Avoid Lien. According to the Bank, the trustee under the Deed of Trust, Joy McDonald ("McDonald") is a necessary party, as the asserted legal owner of the Property. In support thereof, the Bank cites to the Virginia cases of *In re Mary Torborg Neighbors*, No. 97–25117 (E.D.Va.) and *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 348 S.E.2d 223 (1986). Second, the Bank argues that Robert A. Williams ("Williams"), is a necessary party.

The Motion to Vacate was filed more than 10 days after the entry of the Order Avoiding Lien and therefore cannot be

---

parties have stipulated that the Property is owned by Debtor and Debtor's spouse (Williams) as tenants by the entireties.

3. The court adopted the conclusion of law set forth in *Johnson v. Asset Management Group, L.L.C.*, 226 B.R. 364 (D.Md.1998).

considered as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Therefore, the Motion to Vacate was brought as a motion under Federal Rule of Civil Procedure 60(b) made applicable to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9024. *In re Wright,* 186 B.R. 394, 395 (Bankr.D.Md.1995). The court notes that the Bank fails to assert any specific subsection of Rule 60(b) as grounds for the Motion to Vacate.[4]

■ The first five subsections of Rule 60(b)(6) appear inapplicable to the Bank's arguments. Specifically, it has widely been held that to avoid misuse of Rule 60(b), a motion to reconsider for reason of mistake, inadvertence, surprise, or excusable neglect is inapplicable to the allegation of court error when the motion is filed after the deadline for filing an appeal of the decision. *See e.g., Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457 (8th Cir. 2000). Therefore, the court must consider the Motion to Vacate under Rule 60(b)(6). To prevail upon a motion for reconsideration under Rule 60(b)(6), the moving party must prove exceptional circumstances. Because the Bank asserts, in effect, that the Order Avoiding Lien acts against one necessary party and provides relief to another indispensable party, both of whom were not included in the contested matter instituted by the Motion to Avoid Lien, the court will consider the substance of the Motion for Reconsideration.

**I. *Failure to Name the Trustee Under the Deed of Trust as a Party to the Motion to Avoid Lien***

■ In the realm of real property lien law, Maryland is a title theory state. A creditor obtains a consensual lien in real property through the granting, by the borrower, of a mortgage or deed of trust upon the premises. Where a deed of trust is employed, the instrument grants and conveys the legal title to the property from the borrower (owner) to a trustee or trustees named in the instrument for the express purpose of securing an indebtedness usually embodied in a deed of trust note. The holder of the note is the creditor and the beneficiary of the trust created by the deed of trust. Among other rights held as beneficiary, the deed of trust customarily provides to the beneficiary the right to substitute trustees from time to time and the right to instruct the trustees to implement a foreclosure action against the property if the note or deed of trust becomes in default.[5]

The legal title held by the trustee for the benefit of the beneficiary is subject to a right-of-possession reserved to the owner as well as the right to redeem the property (known as the equity of redemption) by fully performing the obligations under the deed of trust note. Upon such full performance, the deed of trust becomes void and the legal title reverts to the owner. The holder of the deed of trust note (creditor) may transfer the note to another party without recording a new deed of trust or

---

**4.** These enumerated subsections are "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

**5.** At times the beneficiary has been referred to as the "mortgagee" although technically that term refers to the grantee of a mortgage.

other instrument of conveyance in the Land Records.[6]

If the borrower defaults in performance of the deed of trust note, the trustee may not act without instruction by the holder of the note. Upon instruction, the trustee may institute a foreclosure case in the Circuit Court of the County in which the land is located but must strictly adhere to the procedural requirements of the Maryland Rules of Civil Procedure concerning such actions. All decisions concerning the institution of a foreclosure action as well as any settlement or restructuring in lieu of foreclosure are the sole province of the holder of the note.

In this case, the Bank, by a Rule 60(b) motion, asserts that McDonald is a necessary and indispensable party who should have been a named respondent in the Motion to Avoid Lien.

Federal Rule of Civil Procedure 12(b)(7), made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b) provides that a proper defense to a complaint is the "failure to join a party under Rule 19." In turn, Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a sub-

stantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Proc. 19(a) (in part). As noted in *Cable TV Fund 14–A, Ltd. v. Property Owners Assn. Chesapeake Ranch Estates, Inc.,* 706 F.Supp. 422 (D.Md.1989), "[t]he purpose of Rule 19 is to provide for the full and complete adjudication of a dispute with a minimum of litigation effort, so that the interests of the plaintiff, the defendants, and the public will best be served." *Id.* at 430 (citing *Schutten v. Shell Oil Co.,* 421 F.2d 869, 873 (5th Cir. 1970)).

Prior to the adoption of Rule 19, the United States Court of Appeals for the Fourth Circuit addressed the proper joinder of parties in *Halpin v. Savannah River Elec. Co.,* 41 F.2d 329 (4th Cir.1930). The court first recognized that when considering the necessity of joinder, parties are grouped into three classes: "(1) Those who are merely proper parties; (2) those who are necessary, or what have been called 'conditionally necessary,' parties; and (3) those who are indispensable parties." *Id.* at 330. The class of indispensable parties consists of those parties who "have an interest in the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* at 330–31. In reviewing the Motion to Vacate, the court looks both to the standards under Rule 19(a) and those equitable standards embodied in that Rule and previously enunciated by the Court of Appeals in *Halpin.*

The beneficial effect of the deed of trust is to provide to the holder of the note an interest in the real property as security for the repayment of the note. It is the note holder, not the deed of trust trustee (who

---

6. In today's world of traded "mortgage" obligations, the ability of one holder to transfer the secured indebtedness to another without incurring new transfer costs is one of the most significant reasons why deeds of trust have largely supplanted mortgages as the most popular form of securing a real estate collateralized obligation.

may be named and substituted from time to time by the note holder), that holds the beneficial interest in the real property. While the deed of trust trustee may be a proper party, this court finds that the trustee is not a necessary party, nor an indispensable party. The only interest of McDonald affected by the Order Avoiding Lien is the existence of the deed of trust interest for the benefit of the Bank. The Bank as the sole beneficial holder of such interest is the necessary and indispensable party to the action.

This court notes that the Motion to Vacate is brought by the beneficiary, not the deed of trust trustee. It is apparently brought simply for the purpose of making it more difficult for debtors to exercise rights granted to them under Title 11 of the United States Code. The cases cited by the bank are either inapposite or not persuasive. In the case of *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 348 S.E.2d 223 (1986), the matter before the Supreme Court of Virginia does not involve any federal action. Furthermore, in the case that was pending before that state court, neither the beneficiary of the deed of trust, nor the trustee were made parties to the action. As to the unreported opinion cited by the bank in the case of *In re Mary Torborg Neighbors*, a copy of which the Bank failed to provide for the court, unreported decisions are not favored as citations to authority within this circuit. *Cf.* 4TH CIR. R. 36(c) ("Citation of this Court's unpublished dispositions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case").

Accordingly, as to the Bank's first argument, the court finds that where the Motion to Avoid Lien was properly served upon the Bank as the holder of the deed of trust note and beneficiary of the lien created by the deed of trust securing such note, the failure by the Debtor to ascertain the most current deed of trust trustee named or substituted by the Bank and to name that trustee in the Motion to Avoid Lien and thereafter locate and serve the trustee with another copy of the Motion to Avoid Lien identical to that which had been sent to the Bank, is not a grounds to vacate the Order Avoiding Lien in this case pursuant to Federal Rule of Civil Procedure 60(b).

## II. *Failure to Name Robert A. Williams as a Party to the Motion to Avoid Lien*

■ The Bank also seeks reconsideration based on the failure of Debtor to join Williams as a party to the Motion to Avoid Lien. The Bank neglects to substantiate its argument by providing any discussion whatsoever in support of its proposition. Nonetheless, the failure of the Debtor to include Williams as a necessary party makes the Bank's Motion to Vacate meritorious. As a co-owner of the Property, Williams is a necessary party to an action which seeks to amend interests in the Property, including avoidance of liens.[7]

Accordingly, the court finds that the Order Avoiding Lien must be vacated and the Motion to Avoid Lien must be dismissed without prejudice.

---

**7.** Even if Williams were named as a party to the Motion to Avoid Lien, an issue remains as to whether the Debtor may avoid a lien held against property owned as tenants by the entireties where only one spouse has filed the bankruptcy case. The court notes that spouses are permitted to file joint petitions instituting one case for the married couple. 11 U.S.C. § 302(a).